IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:13-CV-178-BO

| | |
|---|---|
| CHRISTOPHER STEWART WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| FAYETTEVILLE POLICE ) | |
| DEPARTMENT, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on defendant Fayetteville Police Department's ("FPD") motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b). [DE 16], and plaintiff Christopher Wilson's motion for entry of default [DE 28]. The motions are ripe for adjudication. For the reasons stated herein, plaintiff's motion for entry of default is DENIED, and defendant's motion to dismiss is GRANTED on other grounds.

## BACKGROUND

Pro se plaintiff filed this action on March 12, 2013 alleging damages arising out of alleged Fourth Amendment violations. Plaintiff alleges that on November 14, 2011, detectives with the FPD placed a GPS tracking device on plaintiff's automobile without first obtaining a search warrant. [DE 1 at 2]. Plaintiff states that this act violated his Fourth Amendment rights. [*Id.* at 3]. Magistrate Judge William A. Webb conducted a frivolity review of plaintiff's complaint and entered an order on April 16, 2013 allowing plaintiff's suit to proceed. [DE 9]. On February 3, 2014, in a related criminal case, No. 5:12-CR-353-BO-2, defendant pled guilty to criminal charges stemming from the alleged unlawful search. [Criminal DE 153].

## DISCUSSION

I. MOTION TO DISMISS.

"The capacity of a governmental body to be sued in the federal courts is governed by the law of the state in which the district court is held." *Avery v. Burke Cnty.*, 660 F.2d 111, 113–14 (4th Cir. 1981) (citing Fed. R. Civ. P. 17(b)). Under North Carolina law, "in the absence of statute, the capacity to be sued exists only in persons in being." *McPherson v. First Citizens Nat'l Bank*, 81 S.E.2d 386, 397 (N.C. 1954). "In North Carolina there is no statute authorizing suit against a police department." *Coleman v. Cooper*, 366 S.E.2d 2, 5 (N.C. 1988), *overruled in part on other grounds by Meyer v. Walls*, 489 S.E.2d 880 (1997). A municipal police department is a component part of a city and lacks the capacity to be sued. *Id.*

Courts have routinely found that lawsuits brought against municipal police departments are not authorized. *See e.g. Moore v. City of Asheville*, 290 F.Supp.2d 664, 673 (W.D.N.C. 2003), *aff'd,* 396 F.3d 385 (4th Cir. 2005) (holding in a § 1983 case that "under North Carolina law, the Asheville Police Department is not a 'person' and, therefore, lacks the capacity to be sued."); *Ostwalt v. Charlotte-Mecklenburg Bd. of Educ.*, 614 F.Supp.2d 603, 607 (W.D.N.C. 2008) (holding that school board law enforcement department was entitled to dismissal as a matter of law in § 1983 action because it did not have the capacity to be sued); *McCray v. Chapel Hill Police Dep't*, 2008 U.S. Dist. LEXIS 22341, *4 (M.D.N.C. Mar. 19, 2008) *aff'd,* 289 F. App'x 605 (4th Cir. 2008) (holding that police department did not have the capacity to be sued in § 1983 action); *Butler v. Tabor City Police Dep't*, 2011 U.S. Dist. LEXIS 81794, *6–7 (E.D.N.C. Jul. 255, 2011) (holding that Tabor City Police Department is not a distinct legal entity capable of being sued in a § 1983 action).

2

Here, the Fayetteville Police Department is not an entity capable of being sued. Therefore plaintiff fails to state a claim upon which relief may be granted and this action is dismissed.

II. MOTION FOR ENTRY OF DEFAULT.

Plaintiff filed a motion notifying the Court that he had not yet received an answer, nor a motion by defendant in this matter. He asked that, if defendant had not responded to this action, that an entry of default be granted in his favor against defendant. Defendant timely filed a motion to dismiss on May 17, 2013 and served plaintiff at his last known address. Their attempted service was returned as undeliverable on June 3, 2013. On June 7, 2013, plaintiff filed a notice of change of address. Immediately thereupon receiving that information, defendant served plaintiff at the new address. It is clear to this Court that plaintiff was properly served and that a default judgment is inappropriate. Plaintiff's motion is denied.

## **CONCLUSION**

For the foregoing reasons, plaintiff's motion for entry of default is DENIED and defendant's motion to dismiss is GRANTED. Plaintiff's claims are DISMISSED in their entirety. The clerk is directed to close the file.

SO ORDERED.

This the __7__ day of February 7, 2014.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE